UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGEL ROBERSON, an individual;<br><br>      Plaintiff,<br><br> v.<br><br>SEIU HEALTHCARE 1199NW,<br>a labor organization,<br><br>      Defendant. | No._____<br><br>**NOTICE OF REMOVAL** |

TO: United States District Court for the Western District of Washington at Seattle

 PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant SEIU Healthcare 1199NW ("Defendant" or "SEIU 1199NW") hereby removes this action from the Superior Court of the State of Washington, King County ("King County Superior Court") to the United States District Court for the Western District of Washington at Seattle.

 In support of this notice, Defendant states as follows:

1. On December 4, 2024, Plaintiff Angel Roberson filed this lawsuit against Defendant in King County Superior Court, case number 24-2-28020-1 KNT.

NOTICE OF REMOVAL - 1
(No._____)

SEIU Healthcare 1199NW
19823 58th Place South, Ste. 200
Kent, WA  98032
Phone: (425) 917-1199
Fax: (425) 917-9707

2. Plaintiff served the Summons and Complaint on Defendant on December 4, 2024. A true and correct copy of Plaintiff's Declaration of Service and Summons and Complaint are attached as **Exhibit A**.

3. Plaintiff is an employee of Defendant. Plaintiff's position is covered by a Collective Bargaining Agreement ("CBA") between Defendant SEIU 1199NW and 1199NW Staff Union ("Staff Union"). The CBA governs the terms and conditions of Plaintiff's employment. A true and correct copy of the CBA in effect between Defendant and the Staff Union during times relevant to the Complaint is attached as **Exhibit B.**

4. The CBA contains numerous, detailed provisions pertaining to wages (e.g. Article 5), credit for past experience (i.e. Article 5.2), performance evaluations and corrective actions (e.g. Art. 16), and anti-discrimination (e.g. Article 12). The CBA contains a comprehensive grievance and arbitration procedure (i.e., Article 17), established as the sole and exclusive remedy for alleged contract violations. *See, e.g., DelCostello v. Int'l Broth. of Teamsters,* 462 U.S. 151, 163-64 (1983); *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 37 (1987)("The courts have jurisdiction to enforce collective-bargaining contracts; but where the contract provides grievance and arbitration procedures, those procedures must first be exhausted and courts must order resort to the private settlement mechanisms without dealing with the merits of the dispute.")

5. Prior to filing the Complaint, Plaintiff filed a grievance under the CBA alleging that she was being paid at the incorrect step on the pay scale established in the CBA, claiming she had not been properly credited for her prior experience as required by the CBA. The Staff Union represented Plaintiff during the grievance process. According to the

NOTICE OF REMOVAL - 2
(No._____)

SEIU Healthcare 1199NW
19823 58th Place South, Ste. 200
Kent, WA  98032
Phone: (425) 917-1199
Fax: (425) 917-9707

Complaint, the Staff Union declined to arbitrate Plaintiff's grievance when it was not resolved in the first two steps of the process.

6. Plaintiff alleges in Count 1 that Defendant discriminated against her at least in part by creating a hostile work environment for her and retaliating against her, allegedly because she filed the grievance.

7. Plaintiff alleges in Count 2 that Defendant retaliated against her for engaging in statutorily protected activity by way of requesting appropriate credit for past experience.

8. Plaintiff alleges in Count 3 that Defendant committed wage theft by willfully paying Plaintiff less than Defendant was obligated to by the CBA.

## I.  REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION.

9. Pursuant to 28 U.S.C. § 1441(a), federal question jurisdiction arising under 28 U.S.C. § 1331 may form the basis for removing a state court action to federal district court. Even though Plaintiff presents her claims as arising under state law, they are governed by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

10. The LMRA gives federal district courts jurisdiction over lawsuits alleging a violation of a CBA. The U.S. Supreme Court has interpreted § 301 of the LMRA as requiring federal preemption of state law causes of action that are inextricably intertwined with consideration of the terms of a labor contract. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209-10 (1985). Any state law claim that requires interpretation of a CBA is completely pre-empted. *Id.* at 213. If the claim arises out of a CBA, the complaint must be recharacterized as a Section 301 suit. *See Olguin v. Inspiration Consolidated Copper Co.,* 740 F.2d 1468, 1472 (9th Cir. 1984).

NOTICE OF REMOVAL - 3
(No._____)

SEIU Healthcare 1199NW
19823 58th Place South, Ste. 200
Kent, WA  98032
Phone: (425) 917-1199
Fax: (425) 917-9707

11. Plaintiff's discrimination, retaliation and wage theft claims are all preempted by § 301 because they all are firmly embedded within the terms of the CBA and require an analysis of the CBA to determine whether Plaintiff was entitled to something different under the CBA than what she received.

12. In Count 1 and Count 2, Plaintiff alleges violation of the Washington Law Against Discrimination, claiming that Defendant created a hostile work environment for her in retaliation for filing a grievance about her pay rate. Her payrate is set according to the terms of the CBA. She contends that Defendant retaliated in its manner of supervising her and evaluating her performance, both subjects that are governed by the terms of the CBA between Defendant and Staff Union.

13. In Count 3, Plaintiff contends that Defendant willfully withheld wages owed to Plaintiff. Although state law requires employers to pay employees according to rates agreed upon in CBAs, whether the Defendant has done so can only be determined as a question of federal law given the preemptive powers of LMRA § 301.

14. Plaintiff's state discrimination, retaliation, and wage claims cannot be resolved without an in-depth examination and interpretation of the CBA terms. For the foregoing reasons, this Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331.

## II. THE COURT HAS SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S CLAIMS

15. U.S. District Courts have supplemental jurisdiction under 28 U.S.C. § 1367(a) over all other claims that are related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States

NOTICE OF REMOVAL - 4
(No._____)

SEIU Healthcare 1199NW
19823 58th Place South, Ste. 200
Kent, WA  98032
Phone: (425) 917-1199
Fax: (425) 917-9707

Constitution. Plaintiff's claims for wages owed under the CBA indisputably are subject to federal question jurisdiction as they are governed by § 301 of the LMRA. To the extent that any of Plaintiff's claims do not present a federal question, this Court has supplemental jurisdiction to hear and decide all claims asserted by Plaintiff in her Complaint.

16. This Notice of Removal is filed subject to and with full reservation of rights. No admission of fact, law or liability is intended by this Notice of Removal and all defenses, motions and pleas are expressly reserved.

### III. DEFENDANT SEIU 1199NW HAS SATISFIED THE PROCEDURAL REQUIREMENT FOR REMOVAL

17. Defendant first received notice of this action on December 4, 2024. This Notice is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

18. Defendant has not yet filed an Answer, but will respond in compliance with the deadline set forth in Fed. R. Civ. P. 81(c)(2).

19. This Court has personal jurisdiction over the parties.

20. Venue is proper in the Western District of Washington at Seattle because the claim arose in King County, Washington. *See* 28 U.S.C. § 1441(a).

21. Defendant is the only named defendant in the Complaint. All requirements for removal established in 28 U.S.C. §§ 1441(a) and 1441(b) are met.

22. Defendant will provide notice of this removal to Plaintiff's counsel of record and the Superior Court pursuant to 28 U.S.C. § 1446(d).

///

///

NOTICE OF REMOVAL - 5
(No._____)

SEIU Healthcare 1199NW
19823 58th Place South, Ste. 200
Kent, WA  98032
Phone: (425) 917-1199
Fax: (425) 917-9707

WHEREFORE, Defendant SEIU 1199NW hereby removes the above-entitled action and respectfully gives notice that the action is removed from the King County Superior Court to the United States District Court for the Western District of Washington at Seattle.

DATED this 24th day of December, 2024.

Attorneys for Defendant SEIU 1199NW

/s/ Liz Dedrick
Carson Flora, WSBA #37608
Liz Dedrick, WSBA#51875
SEIU Healthcare 1199NW
19823 58th Place South, Ste. 200
Kent, WA 98032
Phone: (425) 919-7271
Fax: (425) 917-9707
lizd@seiu1199nw.org

NOTICE OF REMOVAL - 6
(No._____)

SEIU Healthcare 1199NW
19823 58th Place South, Ste. 200
Kent, WA 98032
Phone: (425) 917-1199
Fax: (425) 917-9707

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

John M. Cummings
Eisenhower Carlson PLLC
909 A Street, Suite 600
Tacoma, WA 98402
jcummings@eisenhowerlaw.com

DATED this 24th day of December, 2024.

/s/ Laurel Webb
Carson Flora, WSBA #37608
Laurel Webb, WSBA#54774
SEIU Healthcare 1199NW
19823 58th Place South, Ste. 200
Kent, WA  98032
Phone: (425) 919-7271
Fax: (425) 917-9707
laurelw@seiu1199nw.org

*Attorneys for Plaintiff SEIU 1199NW*

NOTICE OF REMOVAL
CERTIFICATE OF SERVICE
(No._____)

SEIU Healthcare 1199NW
19823 58th Place South, Ste. 200
Kent, WA  98032
Phone: (425) 917-1199
Fax: (425) 917-9707