# Exhibit A

```
                                    FILED
                          2024 DEC 04 12:47 PM
                              KING COUNTY
                          SUPERIOR COURT CLERK
                                  E-FILED
                         CASE #: 24-2-28020-1 KNT
```

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ANGEL ROBERSON, an individual;<br><br>                                   Plaintiff,<br><br>v.<br><br>SEIU HEALTHCARE 1199NW, a Washington labor organization<br><br>                                   Defendants. | NO:<br><br>**COMPLAINT** |

COMES NOW Angel Roberson ("Plaintiff"), by and through her attorneys Eisenhower Carlson PLLC and John M. Cummings for claims against Defendant, and by way of complaint and cause of action against the named Defendant, states and alleges as follows:

## I.     PARTIES

1.1     Plaintiff Angel Roberson has a primary place of residence in Lewis County, Washington

1.2     Defendant SEIU Healthcare 1199NW ("SEIU 1199NW") is a Washington labor union with a principal place of business in King County, Washington.

## II.    JURISDICTION AND VENUE

2.1     This Court has original jurisdiction over this matter pursuant to RCW 2.08.010.

2.2     Venue is proper before this court pursuant to RCW 4.12.010, et seq.

COMPLAINT- 1

## III. FACTS

3.1     Plaintiff Ms. Angel Roberson worked as a Certified Nursing Assistant at Providence St. Peter Hospital ("St. Peter") for approximately twenty-three (23) years. While she worked at St. Peter, she was an active Member of Defendant SEIU Healthcare 1199NW ("SEIU 1199NW").

3.2     In 2008, Ms. Roberson was recruited by SEIU 1199NW Organizer Pamela Briscoe, and Ms. Roberson became involved in representing her department at the bargaining table, identifying grievances, identifying other leaders, and representing others.

3.3     Ms. Roberson helped conduct strikes at St. Peter as well as other facilities in solidarity.

3.4     Ms. Roberson served as a Bargaining Team member from approximately 2013 to 2020.

3.5     From approximately 2015 to 2020, Ms. Roberson served as a member of the Executive Board of SEIU 1199NW at St. Peter.

3.6     SEIU 1199NW even sent Ms. Roberson to represent the union at a National African American Caucus ("AFRAM") event in New Orleans. AFRAM is a Caucus of SIEU 1199 which is "committed to enhancing opportunities for . . . leadership development . . . for SEIU members and staff of African Descent."

3.7     SEIU 1199NW also sent Ms. Roberson to the Institute of Racial Justice, which is committed to "educate generations of leaders and scholars armed with the skills and networks to dismantle racist systems and replace them with inclusive, equitable ecosystems founded on hope and equal dignity for all."

3.8     Ms. Roberson also served as a Union Delegate at SEIU 1199NW from approximately 2008 to 2020, a role in which she was a leader in her department, a source of information for workers in their job site, served on staffing committee boards, played an important role in the grievance process, and organized action on behalf of SEIU 1199NW.

3.9     SEIU 1199NW prominently featured—and continues to feature—Ms. Roberson's image and the image of other Black members on its administrative and promotional materials to curate the impression that SIEU 1199NW is inclusive of Black people. For over fifteen (15) years, her image has also been featured prominently on the cover of SEIU 1199NW's New Membership Form.

3.10    Ms. Roberson's son was in a devastating car collision in 2020. She retired from St. Peter in September 2020 to care for him and her granddaughter. SEIU 1199NW quickly recruited Ms. Roberson and she began to work as a part time Union Organizer on or around February 21, 2021.

3.11    Due to her leadership and history in the union, she was well qualified for the position and excelled within the role.

3.12    Ms. Roberson reported directly to SEIU 1199NW's Treasurer Yolanda King-Lowe, and had regular check-ins with then Vice President (now President) Jane Hopkins. President Hopkins and Treasurer Yolanda King-Lowe are both Black women.

3.13    After approximately seven (7) moths, Ms. Roberson was hired to a full-time position due to her excellent performance.

3.14    Employees of SEIU 1199SW are themselves part of a separate union, the 1199 NW Staff Union ("Staff Union"), and their rights are guaranteed by a collective bargaining agreement ("CBA") between the Staff Union and SEIU 1199NW.

EISENHOWER CARLSON PLLC
Attorneys at Law
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

3.15    Pursuant to Article 5 of the CBA, new employees are awarded service credit for certain activities in which they engaged in before they were hired. It is an experience-based credit that is awarded based on various prior experiences, including: previous employed union experience in a job class which has responsibilities which are comparable to the position in which they are hired, previous employed community, environmental, and political organizing experience, and previous time they were an active Leader-on-Program or an active member of an Organizing Committee when they were rank-and-file Union Members.

3.16    The phrase "Leader-on-Program" is not defined or used elsewhere in the CBA.

3.17    The credit they are awarded under Article 5 determines the employee's "step" on the pay scale, which in turn affects the amount they are paid.

3.18    Ms. Roberson was classified as a Step III and paid according to that classification.

3.19    Ms. Roberson later learned the classification was incorrect as it failed to consider her experience as a leader and delegate before she was hired by SEIU.

3.20    Pursuant to the CBA, Ms. Roberson attempted to resolve the issue with an informal conversation with her supervisor, Ms. King-Lowe, who directed Ms. Roberson to speak with Executive Vice President Casey Rukeyser. Mr. Rukeyser is a White man.

3.21    Ms. Roberson requested that Mr. Rukeyser properly credit her for her previous experience and adjust her pay accordingly. He refused.

3.22    Ms. Roberson was soon moved to a new team and directed to report to Stacey Opiopio, Membership program Director at SEIU 1199NW. Ms. Roberson began speaking with her co-workers and learned that many others had similar complaints about being improperly credited for prior work upon their hiring at SEIU 1199NW.

EISENHOWER CARLSON PLLC
Attorneys at Law
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

3.23 Another co-worker — a White woman — informed Ms. Roberson that when she raised the issue with SEIU 1199NW, she was promptly recredited and her pay increased with back pay and faced no pushback from leadership for making the request. The employee encouraged Ms. Roberson to file a grievance to receive the backpay.

3.24 Ms. Roberson also learned that approximately seven (7) other employees had similarly been denied experience-based credit in violation of Article 5 of the CBA, allowing SEIU 1199NW to underpay them. Of those seven, five (5) are women of color.

3.25 Ms. Roberson filed a grievance. Pursuant to Article 17 of the CBA, the grievance procedure is a three-step process which is to be followed if informal communication does not remedy the employee's concerns. The Staff Union represented Ms. Roberson during the process.

3.26 Ms. Roberson completed the first and second steps. On June 5, 2023, SEIU 1199NW denied her grievance, stating she had "failed to provide facts sufficient to demonstrate that the Employer is in violation of credit for past experience provisions." The SEIU 1199NW did not specifically address whether Ms. Roberson was a "Leader-on-Program," but the denial suggests it concluded she was not.

3.27 The third step in the grievance procedure is arbitration. The Staff Union refused to pay for the arbitration, preventing Ms. Roberson from pursuing it.

3.28 At a subsequent Staff Union meeting, Ms. Roberson asked the other members if anyone else had been misclassified due to a failure to credit their experience pursuant to Article 5 of the CBA. The Staff Union learned that six (6) other employees had been misclassified, four (4) were women of color.

///

///

3.29   After her grievance was filed, Ms. Roberson experienced significant retaliation. Her work was micromanaged and she was regularly intimidated by supervisors who did not support her position that she had been misclassified.

3.30   The retaliation caused Ms. Roberson significant stress which led to illness and caused her to miss work. SEIU 1199NW continued to retaliate against her by launching an investigation into her performance.

3.31   The actions of SEIU 1199NW have directly and proximately damaged Ms. Roberson in an amount to be determined by a jury after trial.

## IV.   JURY DEMAND

4.1   Plaintiff requests and demands trial by jury. Plaintiff will file a separate pleading and pay requisite filing.

## V.   FIRST CAUSE OF ACTION: DISCRIMINATION IN VIOLATION OF WASHINGTON'S LAW AGAINST DISCRIMINATION

5.1   Plaintiff re-alleges and incorporates all previous paragraphs.

5.2   Plaintiff is a Black woman.

5.3   The conduct, acts, and omissions of Defendant constitutes discrimination based on their status as Black woman in violation of Washington's Law Against Discrimination, Chapter 49.60 RCW, including but not limited to the following separate courses of conduct: (a) hostile work environment; (b) discrimination in the terms and conditions of employment; (c) retaliation; (d) constructive discharge; and (e) wrongful discharge.

5.4   As a resultant and proximate cause of Defendant' conduct, Plaintiff has suffered injuries and damages, including economic loss and emotional distress in an amount to be proved at trial.

EISENHOWER CARLSON PLLC  
Attorneys at Law  
909 A Street, Ste. 600  
Tacoma, WA 98402  
Tel 253.572.4500  
Fax 253.272.5732  
www.eisenhowerlaw.com

## VI. SECOND CAUSE OF ACTION: RETALIATION IN VIOLATION OF WASHINGTON'S LAW AGAINST DISCRIMINATION

6.1 Plaintiff re-alleges and incorporate all previous paragraphs.

6.2 Pursuant to Washington's Law Against Discrimination, RCW 49.60 et seq. it is unfair practice for an employer to retaliate by firing, failing to accommodate, creating a hostile work environment, or otherwise discriminating against an employee who opposes any such prohibited discrimination.

6.3 Plaintiff engaged in a statutorily protected activity when she informally and formally requested Defendant to appropriately credit her for her past experience.

6.4 Defendant unlawfully retaliated against Plaintiff.

6.5 As a resultant and proximate cause of the conduct of Defendant's retaliation, Plaintiff has suffered injuries and damages, including economic loss and emotional distress in an amount to be proved at trial.

## VII. THIRD CAUSE OF ACTION: WAGE THEFT

7.1 Plaintiff re-alleges and incorporate all previous paragraphs.

7.2 Defendant's willfully and with intent to deprive Plaintiff of part of her wages paid her a lower wage than the wage it was obligated to pay her by statute, ordinance, or contract in violation of RCW 49.52.050. The amount of wages unlawfully withheld shall be proved at trial.

12.3 Plaintiff is entitled to judgment for twice the amount of the wages unlawfully withheld by way of exemplary damages, together with costs of suit and a reasonable sum for attorneys' fees pursuant to RCW 49.52.070.

///

///

EISENHOWER CARLSON PLLC
Attorneys at Law
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, prays for relief against Defendant as follows:

1. For judgment against Defendant for lost wages, wrongfully withheld wages, lost future earnings, civil penalties, and non-economic damages to be proven at trial and to the extent allowed by law and equity

2. For double damages together with fees and costs pursuant to RCW 49.52.050 and .070.

3. For Plaintiff's costs, disbursements, and reasonable attorneys' fees pursuant to RCW 4.84.010, 4.84.090, and RCW 49.52.070; and

4. For prejudgment interest;

5. For judgment jointly and severally against Defendants for Plaintiffs' actual damages;

6. For money damages to compensate Plaintiffs for their emotional distress and other general damages as allowed for by law or equity.

7. For such other and further relief as the Court deems just and equitable.

DATED this 4th day of December 2024.

EISENHOWER CARLSON PLLC

By: */s/John M. Cummings*
John M. Cummings, WSBA #40505
jcummings@eisenhowerlaw.com
Attorneys for Plaintiffs

909 A Street, Suite 600
Tacoma, WA 98402

COMPLAINT- 8

EISENHOWER CARLSON PLLC
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

# CERTIFICATE OF SERVICE

I, Kelli Dennis, am a resident of the State of Washington. I am over the age of 18 years and not a party to the within entitled cause. I am employed by the law firm of Eisenhower Carlson PLLC, whose address is 909 A Street, Suite 600, Tacoma, Washington, 98402.

On December 4, 2024, I sent the foregoing document, including all supportive Declarations, exhibits, attachments and proposed order, to the following parties in the manner indicated below:

| PARTY: | METHOD OF SERVICE: |
|---|---|
| Carson Flora<br><br>SEIU 1199NW<br>19823 58th Place South, Suite 200<br>Kent, Washington 98032<br>(425) 917-1199<br>carsonf@seiu1199nw.org<br><br>*Attorneys for SEIU 1199NW* | ☐ Hand Delivery<br>☐ U.S. First Class Mail, postage prepaid<br>☒ Legal Messenger<br>☒ E-Mail<br>☒ E-File KC Script Portal |

I declare under penalty of perjury under the laws of the State of Washington that the forgoing is true and correct.

EXECUTED at Tacoma, Washington this 4th day of December, 2024.

/s/Kelli Dennis
KELLI DENNIS

EISENHOWER CARLSON PLLC
Attorneys at Law
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

FILED
2024 DEC 04 12:47 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 24-2-28020-1 KNT

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ANGEL ROBERSON, an individual<br><br>Plaintiff,<br><br>v.<br><br>SEIU HEALTHCARE 1199NW, a Washington Labor Organization,<br><br>Defendant. | NO:<br><br>SUMMONS |

TO THE DEFENDANTS: A lawsuit has been started against you in the above-entitled court by ANGEL ROBERSON, Plaintiff. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the Plaintiff within 20 days after the service of this Summons, excluding the day of service, if served within the State of Washington (or within 60 days after service of this Summons, if served outside the State of Washington), or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what she asks for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

SUMMONS- 1

EISENHOWER CARLSON PLLC
Attorneys at Law
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the Plaintiff. Within fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time. This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 4th day of December 2024.

EISENHOWER CARLSON PLLC

By: _____
John M. Cummings, WSBA #40505
Attorney for Plaintiff
909 A Street, Suite 600
Tacoma, WA 98402
jcummings@eisenhowerlaw.com

SUMMONS- 2

EISENHOWER CARLSON PLLC
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com