UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANGEL ROBERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SEIU HEALTHCARE 1199NW, a Washington labor organization, JANE HOPKINS, an individual, and CASEY RUKEYSER, an individual<br><br>Defendants. | NO: C24-2138-KKE<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to the Court's Order Regarding Initial Disclosures, Chamber Procedures, Joint Status Report, and Early Settlement dated June 8, 2026 (Dkt. 77), Fed. R. Civ. P. 26(f), and Local Rules 16 and 26(f), Angel Roberson, an individual ("Plaintiff"), by and through their attorneys of record, and SEIU HEALTHCARE 1199NW, a Washington labor organization, Jane Hopkins, an individual, and Casey Rukeyser, an individual (collectively "Defendants"), by and through their attorneys of record, submit the following Joint Status Report and Discovery Plan (the "JSR"):

## 1. NATURE AND COMPLEXITY OF CASE

Plaintiff Angel Roberson is an employee of Defendant SEIU Healthcare 1199NW. She brings this lawsuit based on allegations of race and gender discrimination and pay disparity; tort



CUMMINGS LAW GROUP
950 Pacific Avenue, Suite 1205
Tacoma, WA 98402
(253) 550-1250

and statutory claims for unlawful termination; and a violation of Washington's Silenced No More Act. Plaintiff's alleged hostile work environment claim has been dismissed by this Court. The case involves claims for lost wages, pain and suffering, wage theft doubling penalties, future lost earnings, attorney's fees, legal costs, and any of remedy seen fit and just by the Court.

The case will also involve the issue of personal liability for the individually named Defendants, supervisors Jane Hopkins and Casey Rukeyser, as well as the potential impact of the recent arbitrator award for damages and reinstatement of employment on Plaintiff's pending claims and damages. No injunctive relief is sought; this is a claim for purely monetary damages by an individual plaintiff against her employer and two supervisors. No cross-claims or counterclaims have been asserted. The case is not complex.

## 2. DEADLINE FOR JOINING ADDITIONAL PARTIES

The deadline for joining additional parties has passed, and the parties do not at this time anticipate the need to join any additional parties to this Action.

## 3. WHETHER PARTIES CONSENT TO MAGISTRATE JUDGE ASSIGNMENT

No.

## 4. PROPOSED DISCOVERY PLAN

The initial Fed. R. Civ. P. 26(f) conference took place, telephonically, on July 2, 2026. The Parties have continued to confer regarding several discovery issues and case-scheduling issues. To the extent either party intends to amend their initial disclosures, they will do so by July 13, 2026.



CUMMINGS LAW GROUP
950 Pacific Avenue, Suite 1205
Tacoma, WA 98402
(253) 550-1250

**(A) Initial Disclosures**

Consistent with the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. 77), Parties have made initial disclosures. Limited discovery has also already commenced, though it was not completed before the Court issued the recently lifted Stay of Proceedings.

**(B) Subjects, Timing, and Potential Phasing of Discovery**

**1. Subjects of Discovery by Plaintiff.**

Plaintiff anticipates seeking discovery about communications, notes, and records associated with their employment, names and contact information for relevant witnesses, a 30(b)(6) designee; her pay and working conditions; the nature and extent of the actual harms and losses she suffered; all relevant policies and procedures and any former versions of same which were in effect during her employment; her personnel file and the personnel files and discipline records of all individuals with knowledge about the case; all records related to get leave however kept; any investigating into any of the allegations in the Complaint which are not privileged or protected from discovery; any relevant evidence of the elements of the causes is action alleged in this case.

**2. Subjects of Discovery by Defendant.**

Defendant anticipates seeking both written discovery and depositions of Plaintiff Roberson on the issues raised in Plaintiff's Complaint and Defendant's defenses, including the following topics:



CUMMINGS LAW GROUP
950 Pacific Avenue, Suite 1205
Tacoma, WA 98402
(253) 550-1250

- Plaintiff's alleged harms and damages including the nature and extent of Plaintiff's claimed economic and non-economic damages, and Plaintiff's assertions regarding emotional distress, reputational harm, or other compensable injuries.
- Plaintiff's employment history & mitigation efforts including Plaintiff's employment history, job searches, applications, and any subsequent employment offers; Plaintiff's efforts to mitigate damages, including job searches, applications, and any subsequent employment offers; and Plaintiff's income records, tax returns, and other financial documents relevant to back pay/front pay calculations.
- Plaintiff's medical and mental health history to the extent claimed as a basis for damages including Plaintiff's medical or psychological treatment records related to any alleged emotional distress or mental health conditions attributed to Defendant's conduct; and any prior or ongoing medical conditions, stressors, or life events that may contribute to claimed damages.
- Plaintiff's prior and subsequent claims for disability or damages including any prior or pending disability claims, workers' compensation claims, or legal claims; and any subsequent claims for similar injuries or damages asserted against other employers or entities.
- Communications regarding claims asserted in the litigation including Plaintiff's communications with third parties regarding the allegations; and any social media posts, emails, text messages, or other digital communications discussing the claims.
- Evidence related to Plaintiff's allegations including documentary and testimonial evidence Plaintiff relies on to support claims of discrimination, retaliation, or wage



CUMMINGS LAW GROUP
950 Pacific Avenue, Suite 1205
Tacoma, WA 98402
(253) 550-1250

violations; and any notes, recordings, witness statements, or other communications referencing the dispute.

- Plaintiff's grievance and dispute under the CBA including the grievance process initiated by the Plaintiff or her representative, any records related to Plaintiff's grievance, and the role of the CBA in Plaintiff's compensation.
- Evidence related to whether the Plaintiff's claims are pre-empted under the National Labor Relations Act or subject to mandatory arbitration under the CBA.
- Evidence related to the claim that race was a factor in any adverse employment action including comparator evidence.
- Evidence related to Plaintiff's job performance and disciplinary history; the existence of legitimate, non-discriminatory reasons for Defendant's employment decisions; and any evidence supporting Defendant's good faith efforts to comply with anti-discrimination and wage laws.

**3. Timing of Discovery**

The parties agree to proceed with discovery expeditiously now that summary judgment and other motions practice has taken place.

| | |
|---|---|
| Identify Experts | **August 21, 2026** |
| Disclosure of Expert Reports (Fed. R. Civ. P. 26(a)(2)(A)—(C)) | **September 11, 2026** |
| Disclosure of Rebuttal Experts (Fed. R. Civ. P. 26(a)(2)(D)(ii)) | **October 1, 2026** |
| Close of Fact Discovery | **October 1, 2026** |
| Close of Expert Discovery | **October 30, 2026** |



CUMMINGS LAW GROUP
950 Pacific Avenue, Suite 1205
Tacoma, WA 98402
(253) 550-1250

| | |
|---|---|
| Dispositive motions filed | **November 20, 2026** |
| Final witness and exhibit lists | **December 30, 2026** |
| Pretrial motions filed | **January 22, 2027** |
| Proposed Final pretrial conference | **February 8, 2027 [2 wks before trial]** |
| Proposed Trial briefs filed | **February 12, 2027** |
| Proposed Trial | **February 22, 2027** |

**4. Phasing of Discovery**

The parties do not anticipate the need for phased discovery at this time.

**(C) Electronically Stored Information ("ESI")**

The parties agree to adopt the terms the Court's form Model Agreement Regarding Discovery of Electronically Stored Information, available at http://www.wawd.uscourts.gov/sites/wawd/files/ModelESIAgreement.pdf. ("Model Agreement"). Neither party is required to reproduce documents that were produced under the prior Joint Status Report (Dkt. 9). Electronically-stored information will be produced via email, electronic file transfer, or hard drive, depending on size.

**(D) Privilege Issues**

Neither party has yet alleged issues of privilege. The parties agree to comply with Federal Rule of Evidence 502 and applicable court rules regarding privilege issues. The parties may assert



CUMMINGS LAW GROUP
950 Pacific Avenue, Suite 1205
Tacoma, WA 98402
(253) 550-1250

the attorney-client privilege, attorney work product doctrine, and/or other privileges, as applicable. The parties agree that attorney-client-privileged communications between the parties and their litigation counsel generated before and after the filing of this lawsuit and responsive discovery requests need not be listed on a privilege log by either side.

**(E) Proposed Limitations on Discovery**

The parties do not propose any change to the limitations on discovery set by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Civil Rules. The parties anticipate needing six depositions each at this time.

**(F) The Need for Any Discovery-Related Orders**

At this time, the parties are not sure if either will need to request the Court to enter discovery-related orders under Rule 26(c) or Rule 16(b) and (c). Defendants reserve the right to move for a protective order if necessary to protect confidential or privileged information.

Plaintiff and Defendants have explicitly discussed the noticing and taking of Depositions. Defendants and Plaintiff Agree to accommodate depositions noticed by the other party without the intervention of the Court to the maximum extent possible.

## 5. LOCAL RULE 26(F)(1) CONSIDERATIONS

**(A) Prompt Case Resolution**

The parties are willing to engage in ADR after the close of discovery, unless a sooner time is mutually agreed by the parties.



CUMMINGS LAW GROUP
950 Pacific Avenue, Suite 1205
Tacoma, WA 98402
(253) 550-1250

**(B) Alternative Dispute Resolution**

The parties are willing to request the assistance of a magistrate judge for a settlement conference. Alternatively, the parties may engage the services of a third-party mediator for private mediation after the close of discovery, unless a sooner time is mutually agreed by the parties. The parties will continue to assess the viability of mediation as the case proceeds.

**(C) Related Cases**

There are no related cases pending in this Court.

**(D) Discovery Management**

The parties have agreed to electronic service of all documents and pleadings, including discovery. The parties agree to limit depositions to ten each at this time. The parties agree to share formal discovery from third parties without requiring service of a formal request for production. The parties will confer to schedule discovery or case management conferences as needed at mutually convenient times. The parties agree to seek Court intervention in discovery disputes when necessary pursuant to the Court's chambers procedures as set forth in Dkt. 49 and Dkt. 77. The parties do not anticipate requesting an abbreviated pretrial order.

**(E) Anticipated Discovery Sought**

**1. Plaintiff's Targeted Discovery**

Plaintiff anticipates seeking discovery about communications, notes, and records associated with their employment, names and contact information for relevant witnesses, a 30(b)(6) designee; her pay and working conditions; the nature and extent of the actual harms and losses she suffered; all relevant policies and procedures and any former versions of same which were in effect during her employment; her personnel file and the personnel files and discipline



CUMMINGS LAW GROUP
950 Pacific Avenue, Suite 1205
Tacoma, WA 98402
(253) 550-1250

records of all individuals with knowledge about the case; all records related to get leave however kept; any investigating into any of the allegations in the Complaint which are not privileged or protected from discovery; any relevant evidence of the elements of the causes is action alleged in this case.

**2. Defendant's Targeted Discovery**

Defendant anticipates seeking discovery about the nature and extent of Plaintiff's alleged harms and damages; Plaintiff's employment history and efforts to mitigate damages, including job search efforts; Plaintiff's medical and mental health history as relevant to the claims and damages sought; Plaintiff's prior and subsequent claims for disability or damages, if any; communications regarding the claims asserted in the litigation, including communications with any third parties; any evidence supporting Plaintiff's allegations, including documentary and testimonial evidence; and any evidence related to Defendant's affirmative defenses. See ¶ 4.B.2 above.

**(F) Phasing Motions**

The parties are not aware of any phasing motions at this time.

**(G) Preservation of Discoverable Information**

The parties do not anticipate issues with the preservation of discoverable information. The parties are aware of their preservation obligations and have taken reasonable measures to preserve relevant documents in their possession, custody, and control. See also subsection (I), below.

**(H) Privilege Issues**

The parties do not believe that this case will involve unique or extensive claims of privilege or work-product protection. The parties will comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and relevant case law on privilege issues.



CUMMINGS LAW GROUP
950 Pacific Avenue, Suite 1205
Tacoma, WA 98402
(253) 550-1250

**(I) Model Protocol for Discovery of ESI**

The parties agree to adopt the terms of the Court's form Model Agreement Regarding Discovery of Electronically Stored Information in Civil Litigation, available at http://www.wawd.uscourts.gov/sites/wawd/files/ModelESIAgreement.pdf. ("Model Agreement"). Neither party is required to reproduce documents that were produced under the prior Joint Status Report (Dkt. 9). Electronically-stored information will be produced via email, electronic file transfer, or hard drive, depending on size.

**(J) Alternatives to Model Protocol**

See above.

**6. COMPLETION OF DISCOVERY**

See above ¶ 3.

**7. BIFURCATION**

The parties agree that there is no need to bifurcate the case.

**8. PRETRIAL STATEMENTS AND ORDER**

The parties agree to the use of pretrial statements and the pretrial order. See above ¶ 3.

**9. SUGGESTIONS FOR SIMPLIFYING THE CASE**

The parties do not have any other suggestions for shortening or simplifying the case, except that the parties may file submit summary judgment motions that may resolve some issues prior to trial. The Parties agree to confer about issues to which they can stipulate to ensure the case proceeds.



CUMMINGS LAW GROUP
950 Pacific Avenue, Suite 1205
Tacoma, WA 98402
(253) 550-1250

**10. TRIAL DATE**

The parties agree to a trial start date of on or about February 22, 2027, subject to the Court's availability.

**11. TRIAL BY JURY OR NON-JURY**

Plaintiff has demanded a jury trial.

**12. NUMBER OF TRIAL DAYS**

The parties believe the case can be tried in 5 court days.

**13. TRIAL COUNSEL CONTACT INFORMATION**

John M. Cummings, WSBA #40505
jcummings@eisenhowerlaw.com

Cummings Law Group PLLC
950 Pacific Avenue, Suite 1250
Tacoma, WA 98402
(253) 550-1250 ext. 101
jcummings@eisenhowerlaw.com

Rochelle Y. Doyea, WSBA #48175
rdoyea@cairncross.com
Amy Yoon, WSBA #58102
AYoon@Cairncross.com

Cairncross & Hempelmann PS
524 2nd Ave Ste 500
Seattle, WA 98104-2323
(206) 254-4437

**14. TRIAL COUNSEL CONFLICTS IN SETTING TRIAL DATE**

Assuming trial is scheduled on February 22, 2027, trial counsel do not have any anticipated complications in setting a trial date.

**15. UNSERVED DEFENDANTS**

Parties are not aware of any parties that must be served at this time.

**16. SCHEDULING CONFERENCE PRIOR TO SCHEDULING ORDER**

The parties do not request a scheduling conference before the Court enters a scheduling order.

**7. NON-GOVERNMENTAL CORPORATE DISCLOSURES**

Defendant filed its Corporate Disclosure Statement on December 31, 2024 (Dkt. 6).

DATED this 17th day of July 2026.

Cummings Law Group PLLC

John M. Cummings, WSBA #40505
Attorneys for Plaintiff

950 Pacific Avenue, Suite 1250
Tacoma, WA 98402
(253) 550-1250 ext. 101
jcummings@eisenhowerlaw.com

Cairncross & Hempelmann PS

/s/ Rochelle Doyea
Rochelle Y. Doyea, WSBA #48175
rdoyea@cairncross.com
Amy Yoon, WSBA #58102
AYoon@Cairncross.com

524 2nd Ave Ste 500
Seattle, WA 98104-2323
(206) 926-6700